UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATANOOGA DIVISION

DANTRIELLE RIVIERE                           )
                                             )      Civil Action No.:
      Plaintiff,                             )
v.                                           )
                                             )
ELK RIVER HEALTH AND NURSING                 )      JURY TRIAL DEMANDED
CENTER OF FAYETTEVILLE, LLC                  )
                                             )
      Defendant.                             )
                                             )
                                             )

**COMPLAINT FOR DAMAGES**

COMES NOW, Dantrielle Riviere ("Plaintiff"), through undersigned counsel, and files this lawsuit against Elk River Health and Nursing Center of Fayetteville, LLC, and for her Complaint shows the following:

## I.      Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, compensatory and punitive damages, back and front pay, reasonable attorneys' fees and costs for Defendant's discrimination and retaliation against Plaintiff in violation of 42 U.S.C. § 1981.

1

<u>**Jurisdiction and Venue**</u>

3.

The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1981 and 28 U.S.C. § 1331.

4.

Defendant conducts business in and is engaged in commerce in the State of Tennessee. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) and because Defendant conducts business in this venue and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## II.     <u>Parties and Facts</u>

5.

At all times relevant to this action, Plaintiff has been an individual resident in the State of Tennessee who worked at Defendant. During her employment, she regularly engaged in activities that included: (a) performing her duties as a Certified Nursing Assistant; (b) interacting with co-workers and management; and (c) addressing concerns related to her work environment. By virtue of her role and the responsibilities she undertook, Plaintiff is considered an "employee" as defined by 42 U.S.C. § 1981.

6.

Defendant is a business entity that operates within the State of Tennessee. It conducts business and is engaged in commerce within the state, providing healthcare services to its residents. This entity is involved in activities that affect commerce, making it subject to relevant state and federal regulations.

2

7.

Defendant is now and, at all times relevant hereto, has been a domestic corporation engaged in an industry affecting commerce.

8.

Defendant may be served by delivering a copy of the summons and complaint upon its Registered Agent, John J Sheehan Jr, at 3555 Keith St NW Ste 101, Cleveland, TN 37312, and/or at the Principal Address 3555 Keith St NW Ste 101, Cleveland, TN 37312.

9.

Defendant does business and is engaged in commerce within the State of Tennessee.

10.

Defendant had direct knowledge that Plaintiff was being subjected to a hostile work environment based on her race.

11.

Defendant is an "employer" within the definition of as defined by 42 U.S.C. § 1981.

12.

Defendant is governed by and subject to 42 U.S.C. § 1981.

13.

Plaintiff was employed by Defendant as a Certified Nursing Assistant from on or around December 13, 2024, through around February 19, 2025.

14.

In or around early February 2025, Plaintiff made a complaint to Kelsey Corbin, Human Resources, stating that she was being subjected to a hostile work environment based on race.

3

15.

Plaintiff reported that her co-workers, Morgan and Ashley, called her a "nigger" and a "black monkey."

16.

Ms. Corbin responded to Plaintiff by saying, "Don't read too much into it," and "They are just words."

17.

On February 19, 2025, Plaintiff was terminated, with Natasha, Assistant Director of Nursing, and Brandy, Director of Nursing, present.

18.

Natasha informed Plaintiff that she was being terminated because her skin color was too dark.

## Counts I & II

### Discrimination and Retaliation in violation of 42 U.S.C. § 1981

19.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

20.

Defendant has violated 42 U.S.C. § 1981 by permitting derogatory racial slurs, such as "nigger" and "black monkey," to be directed at Plaintiff, thereby subjecting her to a hostile work environment based on her race, and subsequently terminating her based on discriminatory and retaliatory intent; First, because her skin color was too dark; and second, in retaliation or engaging in protected activity in violation of 42 U.S.C. § 1981.

4

21.

42 U.S.C. § 1981 requires employers to refrain from engaging in racial discrimination, which includes ensuring that employees are not subjected to a hostile work environment based on race. This provision mandates that all individuals have equal rights in employment, including the right to work in an environment where racial slurs and discriminatory practices are not tolerated.

22.

Defendant knew or had reason to know that Plaintiff's rights as protected by 42 U.S.C. § 1981 were being violated when she made a complaint to the defendant through Kelsey Corbin in Human Resources.

23.

Defendant was obligated to take Plaintiff's complaint of racial discrimination seriously and to act promptly to address and rectify the hostile work conditions of which Plaintiff complained.

24.

Defendant failed to act on the plaintiff's complaint regarding racial discrimination and a hostile work environment. Instead, through its representative, the defendant further violated the plaintiff's rights as protected by 42 U.S.C. § 1981 by terminating her in retaliation to her engaging in protected activity, and telling Plaintiff her skin color was too dark.

25.

Plaintiff subsequently suffered a materially adverse employment action when she was terminated. There is a causal connection between her protected activity and her termination.

26.

Defendants' actions, policies, and/or practices as described above violate Section 42 U.S.C. § 1981's retaliation provision by terminating Plaintiff shortly after she engaged in a protected activity.

27.

Defendants knew and/or showed reckless disregard for the fact that they retaliated against Plaintiff in violation of Section 42 U.S.C. § 1981.

28.

Pursuant to 42 U.S.C. § 1981, Plaintiff is entitled to recover compensatory and punitive damages back and front pay, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

6

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all issues of fact;

(B) Enter judgment against Defendant and award Plaintiff compensatory and punitive damages back and front pay, attorneys' fees, and Court costs pursuant to Section 42 U.S.C. § 1981, for the retaliation and wrongful termination based on race;

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated Title VII and Section 42 U.S.C. § 1981, by retaliating against Plaintiff for engaging in a protected activity;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Dated this 2nd day of October 2025.

Respectfully submitted,

*/s/ Burke Keaty*
R. Burke Keaty, II, BPR#027342
**MORGAN & MORGAN – NASHVILLE, PLLC**
810 Broadway, Suite 105
Nashville, TN 37203
(615) 514-4205
bkeaty@forthepeople.com
*Attorney for Plaintiff*

7